**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MALCOLM ERIC LANG,

     Petitioner,                       Civil No. 2:08-CV-12621
                                           HONORABLE VICTORIA A. ROBERTS

v.                                   UNITED STATES DISTRICT JUDGE

THOMAS MACKIE,

     Respondent,

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

     Malcolm Eric Lang, ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for two counts of armed robbery, M.C.L.A. 750.529; and being a fourth felony habitual offender, M.C.L.A. 769.12. Respondent filed an answer to the petition. As part of the answer, Respondent contends that the petition for writ of habeas corpus should be dismissed because it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner did not file a reply to the answer.

     The petition for a writ of habeas corpus is SUMMARILY DENIED.

1

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Genesee County Circuit Court.  Direct review of petitioner's conviction in the Michigan courts ended on May 30, 2007, when the Michigan Supreme Court denied him leave to appeal after his conviction on his direct appeal by the Michigan Court of Appeals was affirmed. *People v. Lang,* 478 Mich. 867; 731 N.W. 2d 709 (2007).

On June 16, 2008, Petitioner filed a petition for writ of habeas corpus with the Court. [1]  On or about December 10, 2008, Petitioner filed a motion to hold the petition in abeyance while he returned to the state courts to exhaust additional claims.  On December 22, 2008, this Court granted a stay, but expressly conditioned it upon Petitioner filing his state post-conviction motion for relief from judgment with the state courts withing sixty days of the Court's order, and re-filing his habeas petition with this Court within sixty days of the conclusion of the state court post-conviction proceedings.  The Court also administratively closed the case. [2]

Petitioner filed a post-conviction motion for relief from judgment with the trial court on or about February 12, 2009.  After the trial court and the Michigan Court of Appeals denied Petitioner's post-conviction motion, collateral review of Petitioner's

---

[1]  Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on June 16, 2008, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

[2]  While Petitioner's first habeas petition was pending in this Court, Petitioner filed a second habeas petition which was dismissed without prejudice on the ground that it was duplicative to Petitioner's first habeas petition. *See Lang v. Rapelje*, U.S.D.C. No. 2:08-CV-13774 (E.D. Mich. September 10, 2008).  This second petition does not affect the timeliness or untimeliness of the current petition.

2

conviction ended in the state courts on March 29, 2011, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his post-conviction motion. *People v. Lang*, 489 Mich. 860; 795 N.W. 2d 138 (2011).

On January 20, 2012, Petitioner filed a motion to lift the stay order and an amended petition for writ of habeas corpus. [3]  This Court granted the motion to lift the stay and ordered Respondent to file an answer to the original and amended habeas petitions.  In his original and amended habeas petitions, Petitioner seeks habeas relief on the following grounds: (i) trial counsel was ineffective for failing to make a timely request for a DNA expert; (ii) the trial court erred in assessing fifteen points against Petitioner under Offense Variable 10 of the Michigan Sentencing Guidelines; (iii) the trial court erred in assessing ten points against Petitioner under Offense Variable 4 of the Michigan Sentencing Guidelines; (iv) Petitioner's conviction must be reversed where the trial court denied Petitioner's right to be represented by the attorney of his choice, where the DNA was not tested, and where the trial court allowed the prosecutor to improperly join three unrelated robbery cases for trial; (v) Petitioner was constructively denied the effective assistance of trial counsel by his attorney's failure to obtain Petitioner's consent to disclose privileged information, by failing to investigate mitigating factors, by failing to assert Petitioner's right to a speedy trial, by failing to communicate with Petitioner, by failing to object to the court's rulings and the prosecutorial misconduct, and by depriving

---

[3]  Under the prison mailbox rule, this Court assumes that Petitioner filed his motion to lift the stay and the amended habeas petition on January 20, 2012, the date that the pleadings were signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d at 882, fn. 1.

3

Petitioner of a viable defense; and (vi) Petitioner was denied the effective assistance of appellate counsel.

On July 31, 2012, Respondent filed an answer to the petition for writ of habeas corpus. As part of the answer, Respondent argues that the original and amended habeas petitions are barred by the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1).

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747,

4

749 (E.D. Mich. 2002). In addition, the AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). A merits decision is therefore unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

The Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his direct appeal by the Michigan Court of Appeals on May 30, 2007. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on August 28, 2007, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than August 28, 2008 in order for the petition to be timely filed.

Petitioner originally filed a petition for writ of habeas corpus with this Court on June 16, 2008, after two hundred and ninety three days had elapsed on the one year

5

statute of limitations.  Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1), *See Duncan v. Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

The Sixth Circuit says that in cases in which a stay and abeyance procedure was not employed, a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6ᵗʰ Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6ᵗʰ Cir. 2002)).

Petitioner is not entitled to equitable tolling for the time that his first habeas petition was pending in the federal district court; his current habeas petition is, therefore, untimely.  Unlike the petitioners in *Griffin* and in *Palmer,* this Court granted Petitioner a stay of the petition and held the proceedings in abeyance to permit him to return to the state courts to exhaust his claims.  This Court expressly conditioned the stay of the petition upon Petitioner filing his state post-conviction motion for relief from judgment

with the state courts within sixty days of the Court's order and re-filing his habeas

petition with this Court within sixty days of the conclusion of the state court post-

conviction proceedings.  Although Petitioner filed his state post-conviction motion within

sixty days of the order staying the petition and administratively closing the case,

Petitioner did not re-file his habeas petition with this Court within sixty days of the

Michigan Supreme Court's decision to deny his post-conviction appeal.  The Michigan

Supreme Court denied Petitioner's post-conviction appeal on March 29, 2011.  Under the

terms of the Court's order staying the habeas petition, Petitioner had sixty days - no later

than May 28, 2011 - to re-file his habeas petition with this Court in order to comply with

the terms and conditions of the stay of the petition.  Petitioner waited an additional two

hundred and thirty seven days, until January 20, 2012, to file his motion to lift the stay

order and his amended habeas petition.  This was almost eight months after this Court's

sixty day grace period had expired.

        If a condition of an order staying a habeas petition is not met, the stay may later be

vacated *nunc pro tunc* as of the date the stay was entered and the petition may be

dismissed.  *Palmer v. Carlton*, 276 F. 3d at 781 (quoting *Zarvela v. Artuz*, 254 F. 3d 374,

381 (2nd Cir. 2001)).  Because Petitioner did not re-file this habeas petition within sixty

days of the conclusion of state post-conviction review in this case, he is not entitled to

equitable tolling of the limitations period for the time that his original habeas petition was

pending in the federal court.  Thus, both his original and amended habeas petitions are

untimely. *Id.* at 781-82; *See also McMurray v. Scutt,* 136 Fed. Appx. 815 (6th Cir. 2005);

7

*Godbolt v. Russell,* 82 Fed. Appx. 447, 452 (6th Cir. 2003).

The Court is aware that Petitioner alleged in the affidavit in support of his motion to stay the petition that he had only recently discovered the predicate of his fourth, fifth, and sixth claims.  Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005).  However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *See Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003).  Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.*  Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771.  A habeas petitioner has the burden to prove that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

The main problem the Court has with invoking § 2244(d)(1)(D) to allow the one year limitations period to run from the date of the discovery of Petitioner's fourth, fifth,

and sixth claims, is that Petitioner did not explain why the factual predicate of his fourth,

fifth, or sixth claims could not have been discovered earlier, nor does he indicate what

steps, if any, he took to discover the factual basis for these claims.  Because Petitioner

failed to establish "the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence," he does not

meet his burden to establish that he has newly-discovered evidence which would delay

the commencement of the one year limitations period for these, or any other, claims. *See*

*e.g. McSwain v. Davis*, 287 Fed. Appx. 450, 454-55 (6th Cir. 2008).

      The petition is untimely.

      The AEDPA's statute of limitations "is subject to equitable tolling in appropriate

cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  A habeas petitioner is entitled

to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way'" and prevented the timely

filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005)).

      Petitioner is not entitled to equitable tolling of the one year limitations period,

because he failed to argue that circumstances of his case warranted equitable tolling. *See*

*Giles v. Wolfenbarger,* 239 Fed. Appx 145, 147 (6th Cir. 2007).  An inmate's lack of legal

training, poor education, or even his illiteracy does not give a federal court a reason to toll

the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).

Likewise, a claim that a habeas petitioner did not have professional legal assistance is not

an extraordinary circumstance which would toll the statute of limitations. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002). Ignorance of the law alone is also insufficient to warrant equitable tolling. *See Allen v. Yukins,* 366 F. 3d 396, 403 (6th Cir. 2004).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because he presents no new, reliable evidence to establish that he was actually

10

innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

Petitioner claims that another man named Percy Lee Ferguson may have been responsible

for these robberies and points to the fact that the first victim, a Ms. Leslie Daniels,

positively identified Ferguson as her assailant.  Petitioner was acquitted of this charge by

the jury.  Petitioner ignores the fact that Ferguson was arrested on February 17, 2004 and

remained incarcerated until March 1, 2004.  The two robberies that Petitioner was

convicted of took place on February 20th and 21rst, after Ferguson had been jailed.  Both

of the victims to these robberies positively identified Petitioner as their assailant.

Because there is no evidence linking Ferguson to either robbery, as well as the fact that

there is evidence linking Petitioner to these two robberies, the mere fact that Ferguson

may have been identified as her assailant by Ms. Daniels is not compelling evidence of

Petitioner's actual innocence so as to toll the limitations period. *See e.g. Bell v. Howes*,

703 F.3d 848, 855 (6th Cir. 2012).

### III.  Conclusion

The Court dismisses the current petition; it was filed outside of the one year

limitations period contained in § 2244(d)(1).  The Court also denies Petitioner a

Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an

appeal from the district court's denial of a writ of habeas corpus may not be taken unless

a certificate of appealability (COA) is issued either by a circuit court or district court

judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court

judge shall either issue a certificate of appealability or state the reasons why a certificate

11

of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U. S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court denies Petitioner a Certificate of Appealability because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.

Although this Court denies a Certificate of Appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.

12

Supp. 2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's dismissal of Petitioner's habeas petition, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV.  ORDER

The Petition for Writ of Habeas Corpus is **SUMMARILY DENIED PURSUANT TO 28 U.S.C. § 2244(d).**

A Certificate of Appealability is **DENIED.**  Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 8, 2013

13

The undersigned certifies that a copy of this document was served on the attorneys of record and Malcolm Eric Lang by electronic means or U.S. Mail on May 8, 2013.

S/Carol A. Pinegar
Deputy Clerk